BERDIEL, DEMANDANTE Y APELADO, *v.* EL MUNICIPIO DE ADJUNTAS., DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa sobre devolución de cantidad.

No. 1290.—Resuelto en julio 30, 1915.

SUBASTAS MUNICIPALES—DEPÓSITO PARA OPTAR A UNA SUBASTA EN EL AÑO 1897— DEPÓSITO NECESARIO Y VOLUNTARIO.—Un depósito hecho en 1897 para optar al remate de obras de un municipio no tiene el concepto de voluntario sino de necesario, de acuerdo con el artículo 1781, No. 1, del Código Civil vigente en aquella fecha, toda vez que es hecho en cumplimiento de una obligación legal como es la impuesta por Real Decreto de 4 de enero de 1883 sobre subastas municipales, vigente entonces por disposición del artículo 89 de la Ley Municipal, por la cual se gobernaban los municipios.

ID.—DEPÓSITOS NECESARIO Y VOLUNTARIO—DEVOLUCIÓN DEL DEPÓSITO NECESARIO.—Para tener derecho una parte a la devolución de un depósito necesario hecho en 1897 no basta la sola alegación de que el depósito fué hecho, como ocurre con el depósito voluntario, sino que hay que consignar los hechos que de acuerdo con el Real Decreto de 4 de enero de 1883 produzcan la obligación en el municipio demandado de entregar el depósito.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Francisco Parra Capó.*

Abogado del apelado: *Sr. Eduardo Flores Colón.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Ramón Berdiel Salvador presentó demanda, que luego enmendó, en la Corte de Distrito de Ponce alegando que en agosto 16 de 1897 y con el fin de que Don Francisco Arabía optara al remate de las obras del acueducto del municipio de Adjuntas, consignó el demandante en la depositaría municipal de dicho municipio, la suma de $1,003.88, equivalentes al 10 por ciento de las obras que se iban a rematar, otorgándose por el depositario municipal, la siguiente carta de pago:

"Depositaría Municipal de Adjuntas. Ejercicio de 1897 a 1898. Don Fernando González, Depositario de los Fondos Municipales de Adjuntas.

"He recibido de Don Ramón Berdiel vecino de esta villa la suma de un mil tres pesos 88 centavos, moneda corriente, cantidad equi-

valente al diez por ciento de las obras que se intentan rematar para el acueducto de esta villa y cuya suma la deposita con el fin de que, por Don Francisco Arabía Fradera se presente pliego optando al remate y cuya cantidad se devolverá al interesado sirviendo esta carta de pago como definitiva si se aprueba el remate a favor de dicho señor, por ser igual cantidad el depósito anterior que el definitivo. De esta carta de pago se ha de tomar razón por contaduría a los efectos consiguientes. Adjuntas 16 de agosto de 1897. Fernando González Castillo. Tomé Razón hoy 5 de diciembre de 1897. El contador Juan Garrigó.''

Tambié alegó que dicho depósito no tuvo valor ni eficacia porque el demandado rehusó llevar a cabo las obras rematadas y que posteriormente reclamó el demandante la suma consignada, a lo que no accedió el demandado y que aunque en repetidas y diversas ocasiones ha gestionado el cobro de esa cantidad con intereses, la corporación demandada siempre ha tratado de evadir el pago; y después de alegar también que los $1,003.88 equivalen a 602.32 dólares que añadiéndole los intereses desde 1898 hasta junio de 1914 asciende la cantidad que reclama a $3,405, concluyó pidiendo que se dictara sentencia condenando al demandado a pagar esa cantidad, con las costas, gastos, honorarios de abogado y desembolsos.

No habiendo el demandado excepcionado o contestado la demanda enmendada a pesar de haber sido notificada a sus abogados se anotó su rebeldía, y el secretario registró sentencia en 12 de enero de 1915 condenando al municipio de Adjuntas a pagar a Ramón Berdiel Salvador la cantidad de $3,405 con las costas, de cuya sentencia apeló la parte demandada para ante nosotros.

El depósito que se reclama en este pleito no tiene el concepto de voluntario sino el de necesario de acuerdo con el artículo 1781, No. 1°. del Código Civil vigente en 1897 toda vez que fué hecho en cumplimiento de una obligación legal como es la impuesta por el Real Decreto de 4 de enero de 1883 sobre subastas municipales, vigente entonces por disposición

del artículo 89 de la Ley Municipal por la cual se gobernaban los municipios. En consecuencia para tener derecho a la devolución del depósito necesario no basta la sola alegación de que el depósito fué hecho, como ocurre con el depósito voluntario, sino que hay que consignar los hechos que de acuerdo con dicho Real Decreto produzcan la obligación en el municipio demandado de entregar el depósito.

El citado Real Decreto exigía un depósito provisional para poder tomar parte en las subastas municipales que no se devolvía a los interesados hasta después que el remate era adjudicado definitivamente a uno de ellos, quedando retenido el del licitador a quien se adjudicaba el remate para responder con él del cumplimiento de su obligación de prestar fianza definitiva para responder del cumplimiento de su contrato y de otorgar la escritura correspondiente de obligación; y cuando la cantidad se depositaba como fianza definitiva entonces respondía no solo del cumplimiento del contrato sino también de las multas e indemnizaciones que de acuerdo con el mismo se le podían imponer.

El depósito en este caso lo fué no sólo para poder concurrir a la subasta sino también como definitivo para el caso de que se adjudicaran las obras al Sr. Arabía por cuya razón no surge de las alegaciones de la demanda el derecho a la devolución que se solicita, pues si el remate se adjudicó definitivamente a otra persona ha debido alegarse esto como hecho del cual nace el derecho de devolución y si se adjudicaron al Sr. Arabía, como el depósito que hizo el demandante había de responder también del cumplimiento de sus obligaciones como rematista ha debido alegarse que cumplió todas las que se impuso y que el depósito estaba vigente en el momento en que la demandada rehusó llevar a cabo las obras ya que pudo estar extinguida o disminuída por multas e indemnizaciones antes de que la demandada desistiera de llevar a efecto las obras así como que el municipio tomó ese acuerdo por su mera conveniencia y no por faltas del rematante pues en este caso

no tendría derecho a recobrar el depósito que garantizaba el cumplimiento de sus obligaciones como rematista.

Por las razones expuestas la demanda no contiene alegación de donde surja la obligación del demandado de pagar la cantidad que se le reclama y por lo que fué condenado y debe ser revocada con permiso para enmendar la demanda.

> *Revocada la sentencia apelada, concediéndose permiso al demandante para enmendar su demanda.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Hutchison.

El Juez Asociado Sr. Wolf disintió.

### OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SR. WOLF.

Me veo obligado a disentir en este caso. La carta de pago expresa que la suma depositada debía devolverse al depositante y que dicha carta de pago serviría como definitiva si se aprobaba el remate a favor de Francisco Arabía Fradera. Ahora bien, como la ley no favorece las confiscaciones, el demandante tenía derecho a que se le devolviera la suma depositada por él a menos que algo ocurriera que impidiera su devolución, por ejemplo, la aprobación del remate. Si se aprobó el remate no podría devolverse la cantidad del depósito, pero de no ser así el demandante tenía derecho a estar en posesión de su propio dinero o su equivalente. El demandado era quien estaba en la obligación de probar que se había hecho el remate. De igual manera si hubiera habido multas o dejado de cumplir con la ley al demandado incumbía acreditarlo. Era una cuestión de defensa y como no se hizo ninguna el demandante tenía derecho a una sentencia a su favor.